T.D.J. DEVELOPMENT CORPORATION *vs.* CONSERVATION
COMMISSION OF NORTH ANDOVER & another.[1]

No. 92-P-1094.

Essex. October 19, 1993. - February 28, 1994.

Present: DREBEN, KASS, & PORADA, JJ.

*Wetlands Protection Act. Municipal Corporations,* By-laws and ordi-
nances, Conservation commission. *Practice, Civil,* Relief in the nature
of certiorari.

A Superior Court judge incorrectly ruled that provisions of a town's wet-
    lands protection by-law were less stringent than, and thus superseded
    by, the standards set forth in the State Wetlands Protection Act, G. L.
    c. 131, § 40. [125-128]
The record of proceedings of a town's conservation commission did not
    support the conclusion of a Superior Court judge in an action for review
    in the nature of certiorari, that the commission had acted arbitrarily or
    capriciously in imposing certain conditions under the town's wetlands
    protection by-law. [128-129]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 18, 1991.

The case was heard by *John T. Ronan,* J., on motions for
summary judgment.

*Joel B. Bard* for the defendants.
*Mark B. Johnson* for the plaintiff.

PORADA, J. Pursuant to the Wetlands Protection Act,
G. L. c. 131, § 40, and the town's wetland protection by-
law, chapter 178, the plaintiff filed a notice of intent with the
conservation commission of North Andover for the filling of
250 square feet of bordering vegetative wetlands and the per-
formance of work in the buffer zone adjacent to the wetlands
in order to construct a roadway in its subdivision. The com-
mission approved the work subject to forty-six conditions.

---

[1]Town of North Andover.

To a number of those conditions the plaintiff objected and filed an appeal with the Department of Environmental Protection (department) under G. L. c. 131, § 40. The plaintiff also lodged a complaint in the Superior Court for a declaratory judgment and for a review in the nature of certiorari of the commission's decision under the town's by-law. Upon review under § 40, the department issued a superseding order of conditions, eliminating the offending conditions, from which no appeal was taken. Cross motions for summary judgment were then filed in the Superior Court action. In granting summary judgment to the plaintiff, the judge ruled that the town's by-law was less stringent than the Wetlands Protection Act, and, thus, that the department's superseding order of conditions governed the project. The judge also ruled that, if he were in error in determining the relative stringency of the by-law and the act, the commission's imposition of two of its conditions (numbers 15 and 29) was arbitrary and capricious and, hence, invalid. A third condition (number 37) he found not to be unreasonable or arbitrary and capricious.

On appeal from the ensuing judgment entered in the Superior Court in favor of the plaintiff, the commission challenges only the judge's determination that the town's by-law is less stringent than the Wetlands Protection Act and the judge's denial as to three of the conditions imposed by the commission on the project, namely: (1) condition 15, a twenty-five foot no-cut and a fifty foot no-construction zone from the edge of the adjacent wetland resource areas, except for the approved wetland crossing and drainage discharge at the entrance of the subdivision; (2) condition 29, the placement of a filter fabric fence backed by a single row of staked hay bales between all construction areas and wetland areas; and (3) condition 37, the maintenance during the construction period of dumpsters outside the wetlands resource area for the storage and removal of waste generated by the construction. We discuss each of these claims.

1. *The by-law.* The Wetlands Protection Act, G. L. c. 131, § 40, "establishes minimum Statewide standards leaving lo-

cal communities free to adopt more stringent controls."
*Golden* v. *Selectmen of Falmouth*, 358 Mass. 519, 526
(1970). *Lovequist* v. *Conservation Commn. of Dennis*, 379
Mass. 7, 14-16 (1979). When a municipality adopts a by-law
or ordinance that is consistent with the Wetlands Protection
Act, but that imposes more stringent controls than the stan-
dards set by the Legislature, the local requirement trumps
what is required under G. L. c. 131, § 40. *Hamilton* v. *Con-
servation Commn. of Orleans*, 12 Mass. App. Ct. 359, 368
(1981). *DeGrace* v. *Conservation Commn. of Harwich*, 31
Mass. App. Ct. 132, 135-136 (1991). Here, the commission
acted both under § 40 *and* the town's by-law, c. 178-3A.[2] It
is the commission's position that the by-law provides greater
protection to wetlands in North Andover than the act. In de-
termining whether the commission is correct, we focus only
on those provisions of the by-law and act that relate to the
three contested conditions. See *Lovequist* v. *Conservation
Commn. of Dennis*, *supra* at 14-16.

The commission rests its argument on the ground that its
by-law regulates all activity within the buffer zone, see
c. 178-3A, while the State regulations provide for regulation
of activity in a buffer zone only if the activity will "alter" a
wetland resource area, see 310 Code Mass. Regs.
§ 10.02(2)(b) (1989). This is a significant difference. Under
the State regulations, a party is required to file a notice of
intent for work in the buffer zone only when it has been
shown that the work will alter a protected area. 310 Code
Mass. Regs. § 10.02(2)(b) (1989). While the word "alter"

---

[2]Section 3A of the by-law in effect at the time provided:

"A. No person shall remove, fill, dredge or alter any bank, fresh-
water wetland, beach, marsh, wet meadow, bog, swamp or lands
bordering any creek, river, stream, pond or lake or any land under
said waters or any subject to storm flowage or flooding or inundation
by groundwater or surface water *or the buffer zone*, without filing
written notice of the intention to do so with the Conservation Com-
mission in accordance with the provisions set forth in this chapter
and without receiving and complying with the order of conditions,
and provided that all appeal periods have elapsed, unless the Com-
mission shall have determined that this chapter does not apply to the
activity proposed." (Emphasis added.)

36 Mass. App. Ct. 124                                    127

T.D.J. Development Corp. *v.* Conservation Commission of North Andover.

under the State regulations is given an expansive definition, see 310 Code Mass. Regs. § 10.04 (1989), the regulation necessitates proof that an alteration of a wetlands protected area will occur and that the specific activity within the buffer zone will be the cause of the alteration. See Hollands, Comparison of Jurisdiction Between Local, State and Federal Wetland Laws and Regulations In Massachusetts from a Scientific View Point, in Regulation of Work in Massachusetts Wetlands and Floodplains 1, 9-10 (Mass. Continuing Legal Educ. 1988). The town by-law, on the other hand, requires the filing of a notice of intent whenever work is to be performed in the buffer zone, without a showing that the work will have an impact on a wetland resource area. See note 2, *supra.* Consequently, the by-law's scope of control is more expansive than that of the act and eliminates the burden of proof problems associated with the State regulation.

The commission also argues that its by-law is more stringent than the act because it adds erosion control, sedimentation control, and recreation, c. 178-1,[3] to the eight interests protected by the act, G. L. c. 138, § 40, and 310 Code Mass. Regs. § 10.01(2) (1989). By expanding the interests to be protected under the by-law, the commission may impose conditions which might not be permissible under the act. See Kreiger, Local Wetlands By-Laws and Hearings, in Wetlands, A Guide to Understanding a Complex Federal, State and Local Regulatory Scheme 39, 43 (Mass. Continuing Legal Educ. 1991).

Insofar as the by-law regulates all activity performed in the buffer zone and provides for the protection of additional

---

[3]As in effect at the time, this section provided:

"The purpose of this chapter is to preserve and protect the floodplains and wetlands of the Town of North Andover, as specified in [c.] 178-3A, by regulating and controlling activities deemed to have significant or cumulative effect upon the functions and characteristics of such floodplains and wetlands, including but not limited to the following: public or private water supply, groundwater, flood control, erosion control, sedimentation control, storm damage prevention, prevention of pollution, protection of fisheries, wildlife habitat and recreation."

interests not covered by the act, the conservation commission was acting pursuant to a by-law which provided greater protection to the wetland resource areas than the act.

2. *The challenged conditions.* The judge determined that the imposition of the no-cut and no-construction limitation in the buffer zone and the requirement of a double siltation barrier were invalid conditions because they were "arbitrary, unreasonable or capricious, not grounded in evidence and therefore not supportable." He determined that the requirement of placement of dumpsters outside the wetland resource areas for the storage and removal of waste material was reasonable.

In reviewing his decision, the first issue to be addressed is the standard of review applicable to the plaintiff's complaint for relief in the nature of certiorari under G. L. c. 249, § 4. The standard of review varies according to the nature of the action for which review is sought. *McSweeney* v. *Town Manager of Lexington,* 379 Mass. 794, 800 (1980). *Forsyth School for Dental Hygienists* v. *Board of Registration in Dentistry,* 404 Mass. 211, 217 (1989). Here, where the action sought to be reviewed was the proper exercise of the commission's discretion in the imposition of conditions for the protection of wetlands, an "arbitrary and capricious" standard should be applied. *Forsyth School for Dental Hygienists* v. *Board of Registration in Dentistry, supra* at 217 & n.2. The case is analogous to those in which a special permit is sought under a zoning by-law. *Ibid.* Compare *Lovequist* v. *Conservation Commn. of Dennis, supra* at 17-19 (substantial evidence test applied in upholding town's denial of an application for construction of a roadway over a wetlands area after a notice of intent filed pursuant to G. L. c. 131, § 40, and the town's cognate by-law).

Although the judge appears to have applied the appropriate standard of review, we do not think the record supports a conclusion that the commission acted arbitrarily or capriciously. A decision is not arbitrary and capricious unless there is no ground which "reasonable men might deem proper" to support it. *Cotter* v. *Chelsea,* 329 Mass. 314, 318

(1952). See *American Family Life Assurance Co.* v. *Commissioner of Ins.*, 388 Mass. 468, 478 (1983)(discussion of standard in context of administrative regulation). The burden of proof lies with the plaintiff to prove that the conditions are not reasonably related to the preservation and protection of the interests protected by the by-law. See *Forsyth School for Dental Hygienists* v. *Board of Registration in Dentistry, supra* at 217-218.

Under the by-law, the commission may impose "such conditions . . . as it deems reasonable, necessary or desirable to carry out the purposes of [the] chapter. . . ." North Andover wetlands protection by-law c. 178-4(C). Among the interests protected by the by-law and the act are the public and private water supply, groundwater supply, and wildlife habitat c. 178-1 (note 3, *supra*), G. L. c. 131, § 40, and 310 Code Mass. Regs. § 10.01(2) (1989). In imposing the no-cut and no-construction limitation, the commission asserted that the proposed construction work would have impact upon the adjacent wetland resource areas. In reaching that conclusion, the commission relied on research suggesting the need for buffer strips to protect water quality and wildlife habitat. Imposition of that condition was within the reasonable range of the commission's authority to regulate activity in the buffer zone.

Similarly, the commission's imposition of a double siltation barrier was imposed to prevent erosion, a protected interest under the by-law. While there was no evidence that the fabric fence was needed in addition to the single row of hay bales, it is plausible that a double layer of protection would be more effective than a single barrier. We think the judge was in error in ruling that this condition was arbitrary and capricious.

Finally, we agree with the judge that the requirement of a dumpster for the storage of waste material away from the wetland resource area was a reasonable condition. This condition is reasonably related to the protection of the wetland resource areas insofar as it may prevent the seepage of contaminated liquids into the soil and the blowing of contami-

nated materials onto the wetland areas. Under the by-law, the commission has the authority to impose this condition.

The judgment of the Superior Court is reversed. Upon remand to the Superior Court, judgment should enter declaring the commission's authority to impose conditions 15, 29, and 37 under c. 178 of the town's by-law.

*So ordered.*