Brassard, J.
The plaintiff, Grace E. Healy, trustee of the Landing Road Really Trust (“Healy”), brought this action in the nature of certiorari, pursuant to G.L.c. 249, §4, seeking judicial review of the defendant, the Town of Duxbury Conservation Commission’s (“Commission”), denial of Healy’s application to build an addition on her home in Duxbury, Massachusetts. The Commission denied Healy’s application because the proposed project fails to satisfy Section 9.5.2 of the Duxbury Wetlands Protection By-law (“Wetlands By-law”) which requires that the total amount of impervious material on a lot not exceed 15%. In Count I of the complaint, Healy seeks a declaratory judgment that the Wetlands By-law, Section 9.5.2, is unconstitutional and invalid as applied to her property.[3] In Count II, Healy seeks injunctive relief and challenges the Commission’s denial of her application to build an addition and alleges that the denial was arbitrary and capricious, not based on substantial evidence and legally erroneous. The matter is now before the court on the parties’ cross motions for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) and Healy’s motion to expand the administrative record. For the reasons stated below, Healy’s motion to expand the administrative record is ALLOWED, the Commission’s motion for judgment on the pleadings is ALLOWED and Healy’s motion for judgment on the pleadings is DENIED.
BACKGROUND
The following facts are from the administrative record certified pursuant to Superior Court Standing Order 1-96. Plaintiff Healy owns a 5,000-square-foot parcel of land located at 46 Landing Road in Duxbury, Massachusetts. Healy accesses her property by way of an impervious asphalt driveway, 218 square feet of which is located on Landing Road, a public way owned by the Town of Duxbury (“Town”). The property includes a single-family home and a shed and it is situated in a residentially zoned area that fronts on Kingston Bay. Healy’s property is a resource area protected by the Massachusetts Wetlands Protection Act, G.L.c. 131, §40 (the “Act”) and the Wetlands By-law because it is located within the buffer zone to a coastal beach/tidal flat and it is subject to coastal storm flooding. The Wetlands By-law vests in the Commission the authority to issue and to deny permits for a number of specified activities affecting wetlands, such as the proposed project in this case. Accordingly, on August 7, 2000, Healy filed a Notice of Intent Application with the Commission seeking approval to build an addition to her home. On August 22, 2000, the Commission held a public hearing on Healy’s Notice of Intent.
On September 11, 2000, the Commission issued a denial of the application based, in part, on the Wetlands By-Law, Section 9.5.2. Section 9.5.2 provides:
Total impervious cover of any type shall not exceed fifteen (15%) in residential zoned area in the resource areas defined in Section 3.00(4) and (6). Impervious cover calculations shall include, but not be limited to all structures, impervious driveways, impervious walkways, impervious roadways, decks, pools, tennis courts and any other similar surfaces that cover the ground.
Pursuant to this section, Healy’s 5,000-square-foot lot size is permitted 750 square feet of impervious coverage. At present, Healy’s lot, which is considered a pre-existing nonconforming lot afforded special status under the local by-laws, is in excess of 50% impervious coverage. Additionally, the Commission found that “covering significant portions of land within the buffer zone creates changes in hydrology that are detrimental to the buffer zone and adjoining resource areas.” The Commission concluded that “pursuant to Duxbury Rules & Regulations 5.0 the applicant has not carried his burden that the proposed work will not have a significant or cumulative detrimental effect upon resource areas or interests protected herein.” The Commission also issued a Wetlands Protection Act Form 5 Order of Conditions Denial that stated “Pursuant to 310 CMR 10.03(l)(a)l and 3 the applicant has not carried his burden of demonstrating that either the area is not significant to or the proposed project in the buffer zone will contribute to the protection of the general interests identified in M.G.L.c. 131, §40.”
Healy’s proposal includes a 220-square-foot addition, the relocation of an existing walkway and the removal of 218 square feet from the asphalt driveway located on Landing Road. At present, there is a 42-square-foot overhang roof that occupies a portion of the area that would be affected by the proposed addition. Taking into consideration the square footage of the overhang roof, Healy maintains that the new impervious material area would be reduced to 178 *308 square feet (i.e. the 220-square-foot addition less the existing 42-square-foot overhang roof equals a net total of 178 square feet added). Additionally, Healy states that she offered to remove 218 square feet of the existing asphalt driveway. She argues that the removal of the driveway would result in a total net reduction of 40 square feet of impervious material in the resource area (i.e. the total addition of 178 square feet of impervious material less the removal of 218 square feet of asphalt driveway). Healy contends that, pursuant to 310 Code Mass. Regs. 10.03(l)(a)3, the result of the net reduction of impervious material would “contribute to the protection of the general interests identified in M.G.L.c. 131, §40.”
As an applicant aggrieved by an order of the Commission, Healy requested a Superseding Order of Conditions from the Department of Environmental Protection (“DEP") on September 25, 2000. The DEP conducted an on-site review of the property on October 18, 2000, and by letter dated November 7, 2000, the DEP issued a Superseding Order of Conditions. On November 17, 2000, in light of the DEP’s Superseding Order, Healy requested that the Commission reverse its earlier denial. The Commission did not respond to Healy’s request. On January 5, 2001, Healy filed the present action in the Plymouth Superior Court seeking declaratory and injunctive relief. On August 24, 2001, the parties filed cross motions for judgment on the pleadings. Additionally, Healy filed a motion to expand the administrative record and the Commission filed a motion to strike those portions of Healy’s complaint which challenge the validity and constitutionality of Duxbury’s Wetland By-law. The parties were heard at oral argument before this court on January 29, 2002.
DISCUSSION
As a preliminary matter, the court will first address Healy’s motion to expand the administrative record. Healy requests that the record be expanded to include Exhibits 4 through 10 that are attached to her verified complaint. Exhibits 4 through 8 consist of “correspondence to and from, filings with and decisions rendered by” the DEP regarding Healy’s request for a Superseding Order of Conditions. Exhibit 9 is a letter to the Commission concerning the Superseding Order issued by the DEP and Exhibit 10 is a letter from the Town of Duxbury consenting to Healy’s removal of the asphalt driveway on town-owned land.
The Commission opposes Healy’s motion to expand the administrative record. The Commission argues that the evidence Healy seeks to add was not part of the proceedings before the Commission and that it is, therefore, extraneous to the court’s analysis; that to add evidence directly into the Administrative Record bypasses the Commission in contravention of the principles of certiorari and the procedures specified in Standing Order 1-96; and, lastly, that the evidence is not necessary or material to this proceeding and not needed for Healy to make a “DeGrace”[4] argument.
This court cannot discern any prejudice to the Commission in allowing Healy’s motion. The court remains mindful that Exhibits 4 through 8 were not part of the Commission’s administrative proceedings and that they were not before the Commission when it made its decision to deny Healy’s application. Similarly, Exhibits 9 and 10 were not before the Commission prior to rendering the denial of the application. After review of the proposed additions to the administrative record, this court concludes that their addition would not alter the court’s analysis or ultimate decision in this matter. Accordingly, Healy’s motion to expand the administrative record is allowed.
Review of a certiorari petition is on the administrative record. The function of certiorari review is to correct errors of law not otherwise subject to review, where such errors are apparent on the record and adversely affect material rights. Carney v. City of Springfield, 403 Mass. 604, 605 (1995); MacHenry v. Civil Service Com'n, 40 Mass.App.Ct. 632, 634 (1996). Relief in the nature of certiorari is warranted where a plaintiff demonstrates errors that are so substantial and material that, if allowed to stand, they will result in manifest injustice to a petitioner who is without any other available remedy. Johnson Products, Inc. v. City Council of Medford, 353 Mass. 540, 541 n. 2 (1968); Tracht v. County Commrs. of Worcester, 318 Mass. 681, 686 (1945).
In a certiorari case, the court is not authorized to weigh evidence, find facts, exercise discretion, or substitute its own judgment. The court’s role is limited to determining whether the decision was legally erroneous, supported by substantial evidence or so devoid of factual support as to be arbitrary or capricious. See FIC Homes of Blackstone, Inc. v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684-85 (1996). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. New Boston Garden Corp. v. Board of Assessors of Boston, 383 Mass. 456, 466 (1981). Under the arbitrary and capricious standard, it is the plaintiffs “formidable burden of proving the absence of any conceivable ground upon which the regulations can be upheld.” Worcester Sand & Gravel Co. v. Board of Fire Prevention Regulations, 400 Mass. 464, 466 (1987), citing Arthur D. Little, Inc. v. Commissioner of Health & Hosps. of Cambridge, 395 Mass. 535, 553 (1985). Furthermore, under G.L.c. 249, §4, the court may affirm or quash such a proceeding or make “such other judgment as justice may require.”
Pursuant to G.L.c. 249, §4, this court has jurisdiction to review, in the nature of certiorari, decisions of a local conservation commission. Lovequist v. Conservation Commission of Dennis, 379 Mass. 7, 16 (1979). The appropriate standard of judicial review is determined according to the nature of the action sought to be reviewed, in this case the Commission’s denial of Healy’s application to construct an addition to her *309 home. Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217 (1989); T.D.J. Dev. Corp. v. Conservation Commission of N. Andover, 36 Mass.App.Ct. 124, 128 (1994). In reviewing a decision of a local conservation commission, this court must determine whether the Commission’s decision was based upon reasoning relevant to the evidence presented before it, and whether the Commission’s conclusions are supported by substantial evidence in the record. Boston Edison Co. v. Boston Redevelopment Auth., 374 Mass. 37, 48 (1977). Where the denial of an application for an Order of Conditions is supported by substantial evidence, however, Healy is only entitled to relief upon a finding that the Commission’s decision was “arbitrary and capricious” or that the Commission committed a substantial error of law that resulted in manifest injustice to Healy. See T.D.J. Development Corp. v. Conservation Commission of North Andover, 36 Mass.App.Ct. 124, 128 (1994). Accordingly, “the reviewing court [must] examine!] the agency action to determine whether it was authorized by the governing statute[here the Wetlands Protection Act and the Wetlands By-law]in light of the facts. If the agency has acted for reasons that are extraneous to the prescriptions of the regulatory scheme, but are related, rather, to an ad hoc agenda, then that agency has acted arbitrarily because the basis for action is not uniform, and, it follows, is not predictable. Compare Lovequist v. Conservation Commn. of Dennis, 379 Mass. 7, 18 (1979), where the question was not the criteria to be applied but whether, within announced criteria, the determination that there would be injury to the land in question was supported by substantial evidence.” Fafard v. Conservation Com’n of Reading, 41 Mass.App.Ct. 565, 568 (1996).
The dispute in this case focuses on Section 9.5.2 of the Duxbury Wetlands By-law which requires that the total amount of impervious material on a lot not exceed 15%. Healy argues that the total amount of impervious coverage in the resource area would be decreased on account of her project. This calculation is based on the new addition consisting of 220 square feet, less the 42 square feet from the existing overhang roof and the 218 square feet from the removal of the existing driveway, for a total net reduction of 40 square feet of impervious material. Healy’s argument is flawed in that her calculation includes an area outside of her property, specifically the driveway that is located on town-owned land. Here, Healy has considered the whole resource area and not the resource area as it pertains to her parcel of land. Healy argues that the language of Section 9.5.2 does not provide or imply that impervious coverage calculations be limited to the lot upon which the proposed alteration is to take place. This interpretation, however, is illogical in that it undercuts consistency in the processing of applications by the Commission. One applicant may confine himself to the boundaries of his property, while another applicant may, as Healy suggests, include areas outside of his property which may not, in fact, even be owned by the applicant. Healy’s reasoning is unacceptable in that it prevents the by-law from being uniformly applied by the Commission which, in itself, may be arbitrary and capricious.
It is clear that the impervious material limitation required by Section 9.5.2 furthers the general purpose of the Duxbury Wetlands By-law by “protecting] the foreshores and wetlands of the Town of Duxbury by controlling activities deemed to have a significant effect upon wetland values, including but not limited to the following: public or private water supply, groundwater, flood control, erosion control, storm damage, water pollution, fisheries, shellfish, wildlife, recreation, and aesthetics.” This court concludes that the Commission’s denial of Healy’s Notice of Intent application was based on substantial evidence and was not arbitrary and capricious.
ORDER
For the foregoing reasons, it is hereby ORDERED that Healy’s motion to expand the administrative record be ALLOWED, that the Commission’s motion for judgment on the pleadings be ALLOWED and that Healy’s cross motion for judgment on the pleadings be DENIED. It is further ORDERED that the Commission’s denial of Healy’s Notice of Intent application to build an addition to her home be AFFIRMED.

 A constitutional challenge is accomplished through an action for declaratory relief, pursuant to G.L.c. 231A, §2, and requires that the Town of Duxbury be named as a defendant. Here, the Town of Duxbury was not named as a defendant, nor was the Attorney General given the requisite statutory notice. Healy acknowledges this technical non-compliance with the statute and has reflled the constitutional claims in a new suit. Healy requests that the Commission’s motion to strike be denied on the grounds that it is moot or, in the alternative, that Count I be dismissed without prejudice. The court concludes that the Commission’s motion to strike is moot and has so noted in a margin order on the motion. As such, the constitutional claims are not discussed in this memorandum.

 In DeGrace v. Conservation Commission of Harwich, 31 Mass.App.Ct. 132, the Court held that the Department of Quality Engineering (“DEQE”) has the final say on wetlands issues unless a local authority is acting pursuant to an ordinance or by-law which is consistent with the Wetlands Protection Act (G.L.c. 131, §40), but imposes more stringent controls than the minimum statewide standards set by the Legislature. DeGrace v. Conservation Commission of Harwich, 31 Mass.App.Ct. at 135. In the present case, Healy argues that the DEP's action supersedes the decision of the Commission. The court does not agree. This court concludes that the Duxbury Wetlands By-laws are consistent with and more stringent than the Wetlands Protection Act.