Gershengorn, J.
This case arises out of a suit by Winning Estates (“the plaintiffs”) against the Lexington Conservation Commission (“the Commission”) resulting from the denial of the plaintiffs’ purposed subdivision plans by the Commission.
The plaintiffs filed this action in the nature of certiorari pursuant to G.L.c. 249, §4, seeking review by this Court of the Commission’s actions on the record. The parties now cross move for judgment on the pleadings under Mass.R.Civ.Pro. 12(c). For the following reasons, the Commission’s motion is ALLOWED.

FACTS

In May of 1999, the plaintiffs filed Notices with the Commission for the proposed development of a four-lot subdivision which spans an 8.22 acre parcel of land in Lexington. The parcel of land is divided by a large area of wetlands through which an intermittent stream flows. The plaintiffs’ proposed subdivision plan required the filling of portions of the wetlands as well as intrusions upon the buffer zone around the wetlands. Because the parcel in question contains an imposition upon wetlands, the plaintiffs’ proposed plan must follow Lexington’s General By-Laws for Wetland Protection, most specifically, Rule 5(C)(1) (“the By-law”).[1]
The Commission argues that the plaintiffs’ reading of the By-law is incorrect and has led the plaintiffs to falsely conclude that the plan is within the bounds of the By-law. The Commission further argues that this Court cannot substitute the Commission’s reading of the Commission’s own By-law with that of the Court’s unless there is a finding of an arbitrary and capricious action on the part of the Commission.
The plaintiffs argue that their reading of the By-law is correct and that based on their reading, the calculations made by the plaintiffs show the subdivision plan to be within the By-law. The plaintiffs conclude that the Commission acted arbitrarily and ■ capriciously by denying a subdivision plan which is within the bounds of the By-law as read by the plaintiffs.

DISCUSSION

I. Standard of Review
When reviewing an action in the nature of certiorari under G.L.c. 249, §4, this Court is limited to correcting “substantial errors of law apparent on the record adversely affecting material rights.” Commissioner of Rev. v. Lawrence, 379 Mass. 205, 208 (1979). The standard under which this Court reviews an action varies “according to the nature of the action for which review is sought.” Forsyth Sch. for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217 (1989). The plaintiffs argue that the Commission’s decision to deny the subdivision plan was speculative and without support. Therefore, this Court applies the arbitrary and capricious standard. FIC Homes of Blackstone, Inc. v. Conservation Comm’n of Blackstone, 41 Mass.App.Ct. 681, 684 (1996). “A decision is not arbitrary and capricious unless there Is no ground which ‘reasonable men might deem proper’ to support it.” Leoplodstadt, Inc. v. Comm’r of the Div. of Health Care Fin. & Policy, 436 Mass. 80, 91 (2002), citing T.D.J. Development Corp. v. Conservation Comm’n of North Andover, 36 Mass.App.Ct. 124, 128 (1994), quoting Cotter v. Chelsea, 329 Mass. 314, 318 (1952). The plaintiffs bear the burden of demonstrating that the Commission’s decision was not reasonably related to the preservation and protection of interests covered by the wetland provision in the
*52 By-law. See T.D.J., supra, at 129, citing Forsyth, supra at 217-18.
II. The Wetland Bylaw
The parties agree that the controversy can be distilled into the Court’s reading of the By-law. The plaintiffs argue that the Commission has interpreted the By-law incorrectly and this error led to an erroneous calculation which in turn resulted in the denial of the subdivision plan. The Commission argues that the language of the By-law is clear. The Commission further contends that even in the absence of such clear language this Court must adopt the Commission’s interpretation absent evidence of arbitrary and capricious decision making. This Court finds that the Commission is correct in both arguments.
The plaintiffs first argue that where the By-law requires that a construction activity cannot disturb more than fifty percent (50%) of the 100-foot buffer zone, the By-law is referring to all of the buffer zone on a particular lot. The Commission, however, argues that this 50% calculation refers only to the contiguous buffer zone not the entire buffer zone in question. The By-law states in pertinent part:
Of contiguous land within the 100-foot buffer zone, construction activities can disturb no more than 50% or the amount not presently supporting a natural community, whichever is greater.
(Emphasis added.)
It is clear to the Court that the By-law refers only to the contiguous buffer zone as is evidenced by the clear language of the By-law. The plaintiffs’ interpretation is not supported by the plain language of the disputed By-law.
Even if the plaintiffs had a strong argument that the language of the By-law was open to interpretation in a manner favorable to the plaintiffs, Massachusetts case law does not allow this Court to substitute its reading of a by-law written and interpreted by the Commission if that interpretation is not arbitrary or capricious. The Commission is entitled to substantial deference as a body which is authorized by statute and by the local by-laws to determine wetlands protection. This Court must give “due weight to the [Commission’s] experience, technical competence, and specialized knowledge.” See Dahoney v. Director of Division of Employment Security, 377 Mass. 333, 337 (1979).
Casting a deferential eye on the evidence before it, this Court finds that not only is the language of the By-law as interpreted by the Commission clear, but the plaintiffs have failed in their burden to demonstrate that the Commission’s reading of the By-law is not reasonably related to the preservation of the wetlands or that a reasonable person could not find grounds to support the Commission’s reading of the By-law. See Forsyth, supra at 217-18. See also Cotter, supra at 318.
III. Disturbance to the Buffer Zone
The plaintiffs next argue that even if their interpretation of the By-law is not correct this Court should adopt the plaintiffs’ calculations regarding the amount of disturbance to the buffer zone. This Court finds it impossible to do so. First, the plaintiffs are unable to demonstrate to this Court how and from where the plaintiffs arrived at their numbers regarding buffer zone disturbance. All the plaintiffs offer this Court is an assertion that engineers developed the numbers and therefore those numbers should be credited by this Court. This Court cannot determine the credibility of the plaintiffs’ engineers without a description of where the numbers came from and the method used to attain them.
The Commission, on the other hand, has provided this Court with a detailed description of the formula used by it to determine the amount of disturbance to the buffer zone. The Commission employed a tool called a planimeter used by architects to accurately measure irregularly shaped areas. The Commission measured the disturbed and non-disturbed areas of the buffer zone with the planimeter three times and took the average of those measurements to correct for any possible variations. The total of the disturbed and non-disturbed area was then divided by the total applicable 100-foot buffer zone to arrive at a percent alteration.
Not only is the method used by the Commission clear to this Court through the papers provided but it is also entitled to deference by this Court due to the Commission’s expertise in this area. ”[I]f the agency has, in the discretionary exercise of its expertise, made a ‘choice between two fairly conflicting views,’ and its selection reflects reasonable evidence, ‘[a] court may not displace [the agency’s] choice.’ ” Conservation Comm’n of Falmouth v. Pacheco, 49 Mass.App.Ct., 737 739-40, n.3 (2000), quoting Lisbon v. Contributory Retirement Appeal Bd., 41 Mass.App.Ct. 246, 257 (1996).
The plaintiffs have failed to argue or even demonstrate how the Commission’s method of calculations “falls afoul of these agency-friendly standards, or how the findings that [the plaintiffs] contests are unsupported by the ‘substantial evidence’ ” provided by the Commission. See Comm’n of Falmouth, supra at 740, n. 3, citing Hotchkiss v. State Racing Comm’n., 45 Mass.App.Ct. 684, 695-96 (1998).
Because the plaintiffs have failed to meet their burden to demonstrate why this Court should not show deference to the expertise of the Commission and because the Commission’s interpretation of its own By-law and resulting decision were not arbitrary and capricious, the plaintiffs’ motion is denied and judgment on the pleadings is entered for the Commission.
*53 ORDER
For the foregoing reasons it is hereby ORDERED that the plaintiffs’ motion for judgment on the pleadings be DENIED and the Commission’s motion for judgment on the pleadings be ALLOWED.

Lexington’s General By-Laws for Wetland Protection Rule 5(C)(1) provides in part:
Of contiguous land within the 100-foot buffer zone, construction activities can disturb no more than 50% or the amount not presently supporting a natural community, whichever is greater.