Daniel Craig appeals from a judgment issued by a judge of the Superior Court allowing the defendants' motions for judgment on the pleadings and upholding an enforcement order issued on September 14, 2015, by the conservation commission of Mattapoisett (commission). Substantially for the reasons stated by the judge, we affirm.
Background. Craig's property is in the area of Eel Pond and contains salt marsh and a buffer zone to salt marsh as defined in the Wetlands Protection Act (act), G. L. c. 131, § 40, and 310 Code Mass. Regs. § 10.00 et seq. (2014). The subdivision in which Craig's property lies was developed subject to an order of conditions issued by the commission on June 12, 2000, which, among other things, restricted lawn size to a total of 10,000 square feet per lot and established a seventy-five foot "no disturbance" zone for certain lots, including Craig's lot, "in perpetuity." Craig's home was constructed subject to an additional order of conditions issued on August 28, 2000, and amended in December of 2004, which contained the same restrictions in perpetuity. Craig's home was constructed in compliance with the orders of condition. A certificate of compliance issued with respect to the June 12, 2000, order of conditions on May 23, 2006. A certificate of compliance with respect to the order of conditions as amended in December, 2004, issued on August 17, 2006.
In 2012, Craig and his wife (the Craigs) requested a determination of applicability for work on the property including construction of a pool, concrete apron, pool perimeter fence, and outdoor cooking area within land subject to coastal storm flooding. The commission issued a negative determination of applicability, and the work was allowed to proceed without an order of conditions from the commission.
In 2014, however, the commission learned that Craig had planted lawn and other landscaping that violated the act as well as the orders of condition issued in 2000. The commission notified Craig and met with him and/or his representative. Craig submitted an after-the-fact notice of intent which proposed substantial restoration but retained a portion of the lawn within the buffer zone. After negotiations regarding appropriate restoration failed, Craig withdrew his after-the-fact notice of intent without prejudice on July 27, 2015. On September 14, 2015, the commission issued an enforcement order, finding that Craig had cleared land of native vegetation and placed loam and sod within (a) a wetland resource area, (b) the 100-foot buffer to a resource area, and (c) land subject to coastal storm flowage, without filing a notice of intent or receiving a negative determination of applicability from the commission, in violation of the act and 310 Code Mass. Regs. § 10.00 (2014). The commission ordered Craig to return the property to the conditions approved on August 17, 2006, when the commission issued a certificate of compliance. The commission provided nearly three pages of instructions and special orders describing the required remediation.
Craig appealed by filing an action in the nature of certiorari, see G. L. c. 249, § 4, in the Superior Court, and he also sought a declaratory judgment that the conditions contained in the 2000 and 2004 orders of conditions expired after certificates of compliance were recorded. The parties submitted cross motions for judgment on the pleadings, Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974), and a judge allowed the commission's and the interveners' motions.
Discussion. An "enforcement order is not the product of an adjudicatory proceeding involving the presentation of evidence. Rather, the order constitutes discretionary action by the commission pursuant to its undisputed authority to enforce the act within the town." Garrity v. Conservation Commn. of Hingham, 462 Mass. 779, 792 (2012). "Accordingly, our task is not to determine whether the record contains substantial evidence to support the commission's action but, rather, to decide whether the commission exercised its discretion arbitrarily and capriciously." Ibid. The plaintiff bears the burden of proof that the commission acted arbitrarily and capriciously. Ibid."A decision is not arbitrary and capricious unless there is no ground which 'reasonable men might deem proper' to support it." T.D.J. Dev. Corp. v. Conservation Commn. of N. Andover, 36 Mass. App. Ct. 124, 128 (1994), quoting from Cotter v. Chelsea, 329 Mass. 314, 318 (1952). We review the administrative record without giving the view of the Superior Court judge any special weight. Fieldstone Meadows Dev. Corp. v. Conservation Commn. of N. Andover, 62 Mass. App. Ct. 265, 267 (2004).
Other than minor activities,[3] any activity in the buffer zone which, in the judgment of the issuing authority, will alter an area subject to protection under the act, is subject to regulation and requires the filing of a notice of intent. 310 Code Mass. Regs. § 10.02(b) (2014). On appeal, Craig does not deny that he has altered wetlands, the buffer zone, and land subject to coastal storm flowage by installing a lawn and other landscaping without filing a notice of intent. The act authorizes a conservation commission to issue enforcement orders directing compliance with the act and specifically allows a commission to order "[a]ny person who violates the provisions of this section [ § 40 ] ... to restore property to its original condition." G. L. c. 131, § 40. The commission, therefore, was well within its authority in ordering Craig to restore the property to its original condition.
On appeal, Craig first argues that the commission's order is vague, ambiguous, and inconsistent because it requires him to restore the property to conditions existing on August 17, 2006, when the commission issued a certificate of compliance, but then it partially relies on a 2015 site plan prepared for the Craigs that, he contends, contains a different wetlands delineation than existed on August 17, 2006. Craig argues that the enforcement order does not incorporate a plan, and he cannot possibly comply with such a vague order. His argument is unavailing. The enforcement order provides that "[t]he area seaward of the 100 foot buffer zone as delineated by the purple line on the attached memorandum provided by the Buzzards Bay National Estuary Program dated September 14, 2015 ... must be remediated according to" specific, detailed criteria which contain references to specific plans as needed. It is clear that the commission has determined that remediation according to the detailed enforcement order incorporating the Buzzards Bay National Estuary Program memorandum and designated portions of a 2015 site plan submitted in support of Craig's after-the-fact notice of intent, is sufficient to satisfy the commission that the property will be adequately returned to conditions existing on August 17, 2006. We discern no ambiguity or vagueness in the enforcement order.
Next, Craig claims the commission's enforcement order is a "pretext" to "improperly revive" extinguished conditions contained in the 2000 and 2004 orders of conditions. The short answer to this argument is that if Craig did not want to give the commission an opportunity to order the property returned to its original condition, he should have filed a notice of intent and obtained an order of conditions before he installed over 20,000 square feet of lawn in areas subject to protection. That the commission's authority under the act to order the property returned to its original condition when a property owner disturbs protected lands without filing a notice of intent, and its authority under what Craig insists are extinguished conditions, overlap does not mean there was a nefarious scheme to enforce allegedly expired conditions. Regardless of what may have been discussed at meetings where Craig and the commission negotiated to come to an agreement on the scope of remediation, the commission did not in its enforcement order rely on the conditions contained in the 2000 and 2004 orders of condition. The commission was not required to forego its authority under the act. The commission's order to return the property to its original condition was authorized by the act.[4]
Finally, Craig sought a declaratory judgment that the conditions contained in the 2000 and 2004 orders of condition are nonexistent. Citing 310 Code Mass. Regs. § 10.05(9)(e) (2014), Craig contends that once certificate of compliance issued, the orders of condition expired and were no longer applicable to the property even though the orders of conditions state that they apply to the property in perpetuity.[5] The judge concluded that because the commission issued the enforcement order pursuant to the act and not pursuant to the conditions contained in the 2000 and 2004 orders of condition, there was no live controversy before him. On appeal, Craig simply argues the merits of his declaratory judgment count but does not refute the judge's conclusion that there was no justiciable controversy before him. Craig thereby waived the argument.
We have considered whether we should exercise our discretion to comment on the status of the "perpetual" restrictions contained in the 2000 and 2004 orders of conditions where they were not restated in the certificates of compliance. See Silva v. Attleboro, 454 Mass. 165, 167 n.4 (2009). They strike us as different from the affirmative "maintenance" and "monitoring" conditions specifically required to be noted on a certificate of compliance. We note, however, that the wetlands legislative and regulatory schemes require conservation commissions to conduct the initial review on issues bearing on wetlands regulation "for the familiar purpose of bringing local knowledge to bear on local conditions and reducing the administrative burden on the department [of environmental protection]." Garrity, 462 Mass. at 786, quoting from Hamilton v. Conservation Commn. of Orleans, 12 Mass. App. Ct. 359, 368 (1981). How a local commission has interpreted the regulation would have bearing on the issue. The deference we owe to a commission's interpretation of a regulation within its charge prevents us from interfering unless it is shown to be "arbitrary or capricious," or "supported by no ground which reasonable men might deem proper to support it," or "is devoid of any conceivable ground upon which [the action] may be upheld," or is "impossible by any reasonable construction [to] be interpreted in harmony with the legislative mandate." Conservation Commn. of Falmouth v. Pacheco, 49 Mass. App. Ct. 737, 739 n.3 (2000) (quotations omitted). We conclude that if the issue of the enforceability of the restrictions contained in the 2000 and 2004 orders of condition arises again in the future, the commission should undertake the initial review of the issue. We therefore decline to comment.
Judgment affirmed.

Craig makes a one-line argument in his brief that construction of a lawn is "de minimis" action and is a permissible use under the "minor activity" provisions in 310 Code Mass. Regs. § 10.02(2)(b) (2014). It is Craig's burden to prove that his conduct did not violate the act, and his argument falls far short of carrying that burden. See Garrity, 462 Mass. at 795 (in absence of evidence that work qualifies as "minor activity," homeowner failed to prove commission acted arbitrarily and capriciously in determining order of conditions was required for work).

Craig does not argue that in any particular respect the commission exceed its authority under the act, but instead contends that the commission was impermissibly reviving extinguished conditions.

Section 10.05(9)(a) of 310 Code Mass. Regs. provides that certificates of compliance stating that the work has been satisfactorily completed shall be issued upon request. Section 10.05(9)(e) provides that "[i]f the final order contains conditions which continue past the completion of the work, such as maintenance or monitoring, the Certificate of Compliance shall specify which, if any, of such conditions shall continue."