NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-885

JAMES M. RODRIGUEZ

vs.

CONSERVATION COMMISSION OF NORWELL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

James M. Rodriguez brought a certiorari action under G. L. c. 249, § 4, challenging two enforcement orders issued to him by the Norwell Conservation Commission (commission). The enforcement orders alleged that Rodriguez was conducting forestry work on his land in violation of the Wetlands Protection Act, G. L. c. 131, § 40, and the town of Norwell's (town) wetlands bylaw and directed that he cease and desist and restore the resource areas to their original condition. On the parties' cross-motions for judgment on the pleadings, a Superior Court judge concluded that Rodriguez failed to show that the enforcement orders were invalid, and judgment entered in favor of the commission. Rodriguez appeals, arguing principally that

the enforcement orders are barred by claim and issue preclusion. We affirm.

Background.  On December 12, 2018, the Massachusetts Department of Conservation and Recreation (DCR) issued Rodriguez a forest cutting plan under the Forest Cutting Practices Act, G. L. c. 132.  The forest cutting plan authorized Rodriguez to perform work on his land in areas identified as stand 1 and stand 2.  The work to be performed in stand 1 consisted of "clear-cut[ting] for commercial harvesting," after which the land would be "replanted with American Chestnut and Sugar Maple seedlings."  The work to be performed in stand 2 consisted of "non-commercial thinning" with the "[m]arked trees [to] be girdled and left standing."  The forest cutting plan was valid for two years, with the possibility of two one-year extensions. See 302 Code Mass. Regs. § 16.04(15) (2018).

Subsequently, the town's counsel notified Rodriguez that he needed to file a notice of intent with the commission before conducting the work because some of it would occur in a wetlands resource area and its buffer zone.  In response Rodriguez filed a request for a determination of applicability with the commission, seeking a determination that the proposed work was agricultural in nature and thus exempt from the Wetlands Protection Act.  Concluding that the work was not exempt, the

2

commission issued a positive determination of applicability. Rodriguez appealed to the Massachusetts Department of Environmental Protection (DEP), which issued a superseding determination of applicability likewise concluding that the work was not exempt. Rodriguez then appealed that determination to the DEP's Office of Appeals and Dispute Resolution (OADR).

In June 2021, while Rodriguez's appeal to OADR was pending, a DCR forester sent Rodriguez a letter that clarified, among other things, that (1) because the trees in stand 2 "are to be girdled and left standing, there would be no equipment needed or operating in the wetland areas"; (2) "[t]hese two activities as indicated on the plan," i.e., clear-cutting of stand 1 and girdling of specific trees in stand 2, "are the only activities that would be exempt under the Wetlands Protection Act"; and (3) if Rodriguez "desire[d] to undertake forest mulching or another type of operation in the wetland area (stand 2)," he would "need to seek approval for this work from the" commission. Based on this letter and after consultation with DCR, DEP changed course, taking the position that the proposed work was exempt from the Wetlands Protection Act because DCR's approval of the forest cutting plan meant that the work described therein qualified as normal maintenance or improvement of land in agricultural use under 310 Code Mass. Regs. § 10.04.

3

Over the commission's opposition, the OADR hearing officer adopted DEP's position, concluding that, as a matter of law, the forest cutting plan was itself "sufficient evidence that the activities approved in [it] will be conducted on land in agricultural use." In so concluding, the hearing officer stressed that "[t]he land is only in agricultural use and exempt from the Wetlands [Protection] Act as to those specific activities approved in [the] forest cutting plan" and that "[t]he failure to comply with the forest cutting plan and applicable laws triggers numerous enforcement mechanisms to bring the land and activities back into compliance and deter noncompliance in the future." DEP then adopted the hearing officer's recommended decision as its final decision and issued a final superseding determination of applicability, which provided that "ONLY the specific activities approved in the [forest cutting plan]" were exempt from the Wetlands Protection Act. Neither Rodriguez nor the commission appealed.

On April 19, 2023, after a public meeting, the commission issued the enforcement orders that are the subject of this case, alleging that Rodriguez had conducted "[g]rubbing of vegetation and trees within a [bordering vegetated wetland] and intermittent stream without a determination [of applicability] or an [o]rder." The enforcement orders noted that "[t]he

4

[f]orest [c]utting [p]lan associated with the parcel ha[d] expired" and directed Rodriguez to cease and desist his activities and file a restoration plan and notice of intent by June 6, 2023.  In May 2023 Rodriguez filed this action for certiorari review, claiming that the commission acted arbitrarily and capriciously and beyond its authority in issuing the enforcement orders.

Discussion.  The certiorari statute, G. L. c. 249, § 4, provides for limited judicial review of administrative proceedings "to correct substantial errors of law apparent on the record adversely affecting material rights" (quotations and citation omitted).  Emma v. Massachusetts Parole Bd., 488 Mass. 449, 454 (2021).  The standard of review in certiorari cases "may vary according to the nature of the action for which review is sought."  Forsyth Sch. for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217 (1989).  Where, as here, "the action being reviewed is not a decision made in an adjudicatory proceeding and where the action entails matters committed to or implicating a board's exercise of administrative discretion, the court applies the 'arbitrary and capricious' standard."  Garrity v. Conservation Comm'n of Hingham, 462 Mass. 779, 792 (2012).  "A decision is not arbitrary and capricious unless there is no ground which 'reasonable [persons] might deem

5

proper' to support it."  Id., quoting T.D.J. Dev. Corp. v. Conservation Comm'n of N. Andover, 36 Mass. App. Ct. 124, 128 (1994).  We review the judge's decision on the cross-motions for judgment on the pleadings de novo.  See Hovagimian v. Concert Blue Hill, LLC, 488 Mass. 237, 240 (2021).

Rodriguez contends that the commission acted arbitrarily and capriciously in issuing the enforcement orders because they conflict with DEP's final decision and final superseding determination of applicability.  Because of this conflict, he argues, the enforcement orders are barred under the doctrines of claim and issue preclusion.  We do not agree that these doctrines apply.[1]  A party invoking claim preclusion must show, among other elements, that there is "identity of the cause of action."  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005), quoting DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001).  Similarly, a party invoking issue preclusion must show that "the issue in the prior adjudication was identical to the issue in the current adjudication."

_____

[1] We will assume without deciding that principles of res judicata can be invoked, as a general matter, in nonadjudicatory proceedings before a local commission.  Cf. Kobrin v. Board of Registration in Med., 444 Mass. 837, 843-845 (2005) (considering whether principles of res judicata barred adjudicatory proceeding before disciplinary board).

6

Kobrin, supra, quoting Tuper v. North Adams Ambulance Serv. Inc., 428 Mass. 132, 134 (1998).

Here, the prior and current matters are not identical for claim preclusion purposes because they did not arise "from the same transaction or series of connected transactions." Laramie v. Philip Morris USA Inc., 488 Mass. 399, 411 (2021). The DEP proceedings concerned whether the activities approved in the forest cutting plan were exempt from the Wetlands Protection Act. The enforcement orders concerned activities that Rodriguez conducted on his land after the forest cutting plan expired. As the matters arose from different sets of facts, claim preclusion does not apply. See id. at 411-412.

Likewise, issue preclusion does not apply because the issue decided by DEP is not the same as the issue addressed in the enforcement orders. The DEP decision held that, as a matter of law, the "specific activities approved in [the] forest cutting plan" were exempt from the Wetlands Protection Act because of the interplay between DEP's regulation of wetland resource areas and DCR's regulation of forestry activities. Again, the issue raised by the enforcement orders is the lawfulness of the activities that Rodriguez conducted on his land after the forest cutting plan expired. As this was neither litigated nor decided

in the DEP proceedings, issue preclusion is inapplicable.  See

Kobrin, 444 Mass. at 843.[2]

To the extent Rodriguez is arguing that the issuance of a

forest cutting plan means that the land is forever deemed to be

in agricultural use, he fails to provide any authority

supporting that proposition.  Moreover, the argument is

inconsistent with 302 Code Mass. Regs. § 16.04(15) (2018), which

states that "[a]ll logging, engineering and stabilization

requirements of the approved forest cutting plan must be

fulfilled by the completion date of the operation or by the

expiration date [of the forest cutting plan], whichever is

sooner."  We note that there appears to be no legal impediment

to Rodriguez's submitting another forest cutting plan for

approval by DCR, and the commission acknowledged at oral

---

[2] The commission represented at oral argument that Rodriguez's recent activities also exceeded the scope of the work described in the forest cutting plan.  If this is true, then claim and issue preclusion plainly would not bar the enforcement orders because DEP's final decision and final superseding determination of applicability concerned only those activities that were specifically approved in the forest cutting plan.

argument that he is free to do so.  Accordingly, Rodriguez has failed to demonstrate any error on this record that adversely affected his material rights.  See Emma, 488 Mass. at 454.

Judgment affirmed.

By the Court (Henry, Shin & Brennan, JJ.[3]),

Paul Little

Clerk

Entered:  April 30, 2025.

---

[3] The panelists are listed in order of seniority.