NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1201

JAMES JONES & another[1]

vs.

CONSERVATION COMMISSION OF BARNSTABLE & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, James Jones and Beth Sullivan, brought a Superior Court action in the nature of certiorari challenging an order of conditions (order) issued by the Town of Barnstable Conservation Commission (commission) to the defendant Washington SGG Nominee Trust (Washington SGG). On cross motions for judgment on the pleadings, Washington SGG's motion was allowed, and the plaintiffs' motion was denied. The plaintiffs appeal, and we affirm.

A civil action in the nature of certiorari under G. L. c. 249, § 4, is "to relieve aggrieved parties from the injustice

_____

[1] Beth Sullivan.

[2] Washington Street SGG Nominee Trust.

arising from errors of law committed in proceedings affecting their justiciable rights when no other means of relief are open." Figgs v. Boston Hous. Auth., 469 Mass. 354, 361 (2014), quoting Swan v. Justices of the Superior Court, 222 Mass. 542, 544 (1916). "The scope of judicial review for an action in the nature of certiorari under G. L. c. 249, § 4, is limited." Retirement Bd. of Somerville v. Buonomo, 467 Mass. 662, 668 (2014). The judge's role on certiorari review is to "correct substantial errors of law apparent on the record adversely affecting material rights." Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531, 540-541 (2014), quoting Firearms Records Bur. v. Simkin, 466 Mass. 168, 180 (2013). We review the record to determine whether the municipality's decision was "arbitrary and capricious, unsupported by substantial evidence, or otherwise an error of law." Hoffer v. Board of Registration in Med., 461 Mass. 451, 458 n.9 (2012). Finally, we review a decision allowing a motion for judgment on the pleadings de novo. Delapa v. Conservation Comm'n of Falmouth, 93 Mass. App. Ct. 729, 733 (2018).

1. Motion to supplement. Along with the plaintiffs' motion for judgment on the pleadings, they filed a motion to supplement the administrative record, which Washington SGG opposed. The judge denied the motion and noted that the

2

proposed supplemental record materials[3] were not presented to the commission at the time it allowed the order, and accordingly, the judge would not consider them as part of the certiorari action. The plaintiffs claim the denial of this motion was an abuse of discretion. We disagree.

We review the denial of a motion to supplement the administrative record for an abuse of discretion. Massachusetts Ass'n of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 265-266 (2001), citing Northeast Metro. Regional Vocational Sch. Dist. Sch. Comm. v. Massachusetts Comm'n Against Discrimination, 35 Mass. App. Ct. 813, 817 (1994). "An appellate court's review of a [motion] judge's decision for abuse of discretion must give great deference to the judge's exercise of discretion; it is plainly not an abuse of discretion simply because a reviewing court would have reached a different result." Vazquez Diaz v. Commonwealth, 487 Mass. 336, 344 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the

_____

[3] The proposed supplemental materials included an August 14, 2023, letter from the Department of Environmental Protection (DEP), and town regulations related to wetland buffer zone activity and coastal banks.

decision, such that the decision falls outside the range of reasonable alternatives."  Vazquez Diaz, supra at 345, quoting L.L., supra.

Here, as the judge properly determined, the proposed additional record materials were not presented to the commission when it made its decision to grant the order.  In that posture, it would have been improper for the judge to consider them in a certiorari action.  See Board of Selectmen of Oxford v. Civil Serv. Comm'n, 37 Mass. App. Ct. 587, 588 n.4 (1994) ("As review in the nature of certiorari is limited to the record before the governmental body or officer that made the order complained of, the taking of fresh evidence in the Superior Court was not appropriate"); Superior Court Standing Order 1-96(5) (under certiorari review, "[n]o testimony or other evidence shall be presented at the hearing, and the review shall be confined to the record").

Moreover, the plaintiffs did not offer any evidence before the commission supporting the existence of inland flood zones, potential vernal pools, vernal pool habitat, isolated vegetated wetlands, coastal bank or buffer zone as resource areas.  The plaintiff's expert agreed that the commission lacked jurisdiction over any vegetation.  Furthermore, the commission concluded that there were no performance standards that applied

4

to the proposed project in that regard.  Because the only applicable resource was the Land Subject to Coastal Storm Flowage (LSCSF), the town's regulations that related to wetland buffer zone activity and coastal banks were not implicated.  Also, the DEP's 2016 review of the properties did not reference any coastal banks.  There was no abuse of discretion in denying the motion to supplement the administrative record.

2.  The order.  The plaintiffs also claim that the motion judge erred by concluding that the commission's order was not arbitrary and capricious, was supported by substantial evidence, and was not legally erroneous.  We disagree.

Unless there is no ground which a reasonable person might deem proper to support it, we will not consider the commission's actions arbitrary and capricious.  T.D.J. Dev. Corp. v. Conservation Comm'n. of N. Andover, 36 Mass. App. Ct. 124, 128 (1994).  See Cotter v. Chelsea, 329 Mass. 314, 318 (1952).  We also owe the commission substantial deference to its interpretation of statutes or regulations within its jurisdiction.  See Conservation Comm'n of Falmouth v. Pacheco, 49 Mass. App. Ct. 737, 739 n.3 (2000).  See also Carey v. Commissioner of Correction, 479 Mass. 367, 369-370 (2018).

In large measure, the plaintiffs' argument is premised on their claim that the commission should have considered the

5

materials that were excluded, and the failure to do so rendered the decision to issue the order arbitrary, capricious, and not supported by substantial evidence. However, as the motion judge noted, he was without authority to consider the excluded material in this certiorari action. Based on the administrative record before it, the commission determined that the project area was subject to LSCSF and not any other resource areas. Also, the commission found that the project was not subject to the Massachusetts stormwater standards. Although the plaintiffs' expert believed that project would impact resource areas, the commission was free to not credit this and instead credit the testimony of the Washington SGG's expert. Neither this court nor the motion judge are free to second guess that finding. See Seales v. Boston Hous. Auth., 88 Mass. App. Ct. 643, 649 (2015).

Finally, apart from the excluded materials, the commission considered issues related to drainage for the project area and ordered conditions related to those issues. As the motion judge held, the plaintiffs provided no basis for him to conclude that the order and conditions were not adequate to address those issues. In addition to the deference owed to the commission, and acknowledging its expertise, the commission's decision was properly supported by grounds which a reasonable person could

credit.  Accordingly, the commission's actions were not arbitrary or capricious or legally erroneous, and its decision was supported by substantial evidence.  See T.D.J. Dev. Corp., 36 Mass. App. Ct. at 128.  Washington SGG's motion for judgment of the pleadings was properly granted, and the plaintiffs' motion was properly denied.[4]

Judgment affirmed.

By the Court (Meade,
  Ditkoff & Toone, JJ.[5]),

Clerk

Entered:  November 24, 2025.

---

[4] Washington SGG's motion requesting attorney's fees and costs is denied.

[5] The panelists are listed in order of seniority.

7