Singh, J.
Claiming once again to be aggrieved by certain decisions of the Board of Trustees (“board”) of the Tarbell Townhouse Condominium (“condominium”) in Pepperell, Massachusetts, unit owner Raymond M. Lee (“Lee”) commenced this second action against Charles E. Vander Linden (“Vander Linden”), legal counsel for the board. As it did with Lee’s first action against Vander Linden in 2008, the trial court dismissed this action. Lee has appealed. We affirm the trial court’s judgment of dismissal.
Lee purchased a unit at the condominium in 2004. The board retained Attorney Vander Linden to represent it when the developer turned over control to the board. Vander Linden advised the board during its adoption of certain amendments to the condominium documents, and recorded those documents at the registry of deeds in 2007.
In 2008, Lee filed an action in the Ayer Division of the District Court Department against both Vander Linden and Mark O’Donnell (“O’Donnell”), a trustee on the board (Ayer Division No. 0848CV0594). In that 2008 action, Lee complained about alleged ambiguity in the condominium documents, the calculation of his percentage ownership interest in the condominium, and the requirement that each unit owner maintain a certain level of homeowner’s insurance. Lee claimed that all of his proposals and arguments to the board on these issues were rejected by the board upon the legal advice of its attorney, Vander Linden; and that as a result, he suffered “mental rape,” “verbal insult,” and “unreasonable treatment.” Lee sought in excess of *173 $25,000.00 in damages. The trial court dismissed Lee’s 2008 action on December 4, 2008 for failure to state a claim upon which relief could be granted. Mass. R. Civ. P., Rule 12(b) (6). Lee did not appeal.
In 2011, Lee filed this action against Vander Linden alone.[1] Lee again complained about the condominium documents, his condominium percentage interest, and homeowner’s insurance.[2] Lee again asserted that Vander Linden’s alleged liability to him was based on his legal advice to the board. Vander Linden moved to dismiss the complaint because it failed to state a claim upon which relief could be granted, was brought beyond any applicable statute of limitations, and was precluded by principles of res judicata. The trial court ruled that Lee’s complaint should be dismissed on each ground and allowed Vander Linden’s motion on September 12, 2011. Lee filed this appeal. We conclude that there was no error as any one of the grounds set forth by Vander Linden in his Rule 12(b) (6) motion was a proper and sufficient basis for dismissal of this action.
1. Failure to state claim. To survive a Rule 12(b) (6) motion to dismiss for failure to state an actionable claim, a complaint must set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). “Factual allegations must be enough to raise a right to relief above the speculative level....” Id., quoting Bell Atl. Corp., supra at 555. Lee’s complaint against Vander Linden was premised upon advice Vander Linden gave to the board, in his capacity as retained legal counsel for the board, which allegedly caused the board to take action with which Lee disagreed. Lee failed to advance any facts indicating that he and Vander Linden had any sort of contractual relationship or that Vander Linden owed him any duty of care. He simply failed to set forth any cognizable claim for relief. The trial court, therefore, properly dismissed the complaint based on Lee’s failure to state a claim upon which any relief could be granted pursuant to Rule 12(b) (6).
2. Statute of limitations. Similarly, to the extent that Lee’s claims could be characterized in any way, they appeared to complain of a tort, that is, of harm arising out of Vander Linden’s legal advice provided to the board in 2007. The three-year statute of limitations in tort cases, G.L.c. 260, §2A, expired in 2010, before Lee brought his 2011 complaint. There is no merit in Lee’s contention that the limitations period has not yet begun to run because his complaints have not been resolved and thus constitute continuing causes of actions. Contrary to Lee’s argument, his claims are not continuing in nature. See Houle v. Low, 407 Mass. 810, 813 (1990), citing Kirley v. Kirley, 25 Mass. App. Ct. 651, 654-655 (1988) (continuing cause of action is not established simply by asserting ongoing harm). Rather, as stated, Lee’s claims relate to Vander Linden’s conduct in providing legal advice in 2007. Any statute of limitations *174 • began to run at that time. As a result, the trial court properly dismissed Lee’s complaint as barred by any applicable statute of limitations.
3. Res judicata. The doctrine of res judicata precludes relitigation of a claim or an issue determined in an earlier action where the same claim, or issue based on a different claim, arises in a later action between the same parties or their privies. Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). To preclude a claim on the basis of res judicata, three elements must be satisfied: “(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.” Id. In this case, there is no question that both the 2008 litigation and the 2011 litigation involved the same parties, although the earlier suit involved an additional party as well. There is also no question that, although couched in different language, the causes of action were the same. Lee argues only that the prior judgment was not a final one on the merits. A dismissal based on a failure to state a claim under Mass. R. Civ. P., Rule 12(b) (6), operates as a final judgment on the merits having res judicata effect. Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996). As a result, the trial court properly dismissed the complaint on the ground of res judicata.
Judgment of dismissal affirmed.
So ordered.

 Lee had filed a second, separate action against O’Donnell in 2010 (Ayer Division No. 1048CV0725). Upon O’Donnell’s motion, that action was dismissed on June 15,2011.

 Lee’s claims against Vander Linden were set forth as three “accusations”: “infringement of plaintiff’s ownership on private property,” “infringement of plaintiff’s ownership on common property,” and “implementation of illegal condo documents through illegal means.”