Curran, Dennis J., J.
The Office of Medicaid denied James Daley’s application for long-term Medicaid benefits, and his wife, Mary Daley, acting as his Personal Representative, appeals that decision.
The Office of Medicaid, known as MassHealth because it administers the Massachusetts Medicaid program (see G.L.c. 118E, §9A), falls under the authority of the Secretary of the Executive Office of Health and Human Services. (See G.L.c. 6A, §§16, 16B.) Mrs. Mary Daley, acting as the Personal Representative of her husband James Daley’s estate, brings this action for judicial review of MassHealth’s decision under G.L.c. 30A, §14. Mrs. Daley has moved for judgment on the pleadings to vacate MassHealth’s decision. A hearing has been held on that motion.
For the following reasons, Mrs. Daley’s motion for judgment on the pleadings must be DENIED.
BACKGROUND
Judicial review of an agency decision is confined to the administrative record. G.L.c. 30A, §14(4), (5). The record before MassHealth contained the following facts. Over eight years ago, on December 19,2007, Mr. and Mrs. Daley established the “James Daley and Mary Daley Irrevocable Trust’ and appointed their son James Daley and their daughter Patricia Tubaj as its trustees. (The trust’s applicable provisions are discussed below.)
That same day, Mr. and Mrs. Daley conveyed their interest in their condominium located at 215 Mill Street, Unit 103 in Worcester to the Trust. They retained life estates under the property’s deed and continued to live there together for about six years until health reasons required that Mr. Daley be admitted to the Millbury Health Care Center on December 20, 2013.
On February 21, 2014, Mr. Daley applied for long-term care Medicaid benefits effective January 19, 2014.[3] On April 14, 2014, MassHealth denied Mr. Daley’s application after it concluded that his assets exceeded Medicaid’s $2,000 eligibility limit. MassH-ealth determined he was financially ineligible for benefits because his assets included the Trust’s principal, valued at $150,943. The Trust’s principal was the value of the Daleys’ condominium. Mr. Daley appealed that decision to the Office of Medicaid Board of Hearings.
After a hearing, the Office of Medicaid Board of Hearings affirmed MassHealth’s determination in a decision dated October 22, 2014. The Board counted the Trust’s principal as an asset because (1) Mr. and *151 Mrs. Daley’s deed explicitly reserved their right to occupy and use the condominium; and (2) their Trust granted them the right to convert the Trust’s principal into income.
Mr. Daley died on November 13, 2014—about seven years after establishing the Trust. Mrs. Daley then filed a request for a rehearing, which the Board denied for failure to show good cause. On February 11, 2015, Mrs. Daley filed a complaint seeking judicial review of MassHealth’s decision under G.L.c. 30A, arguing that she and her husband were essentially indigent and eligible for public benefits because their assets are held by an irrevocable trust. On October 15,2015, Mrs. Daley filed this motion for judgment on the pleadings. MassH-ealth filed its opposition motion, contending that the Daleys were financially ineligible for Medicaid benefits. Mrs. Daley continues to live at the condominium.
DISCUSSION I. Standard of Review
Under G.L.c. 30A, §14(7), this court must uphold MassHealth’s decision unless it is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or is otherwise not in accordance with the law. See eVineyard Retail Sales-Mass., Inc. v. Alcoholic Bevs. Control Comm’n, 450 Mass. 825, 828 (2008). This court “must apply all rational presumptions in favor of the validity of the administrative action and not declare it void unless its provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate.” Thomas v. Commissioner of the Div. of Med. Assistance, 425 Mass. 738, 746 (1997) (citation omitted). Moreover, this “court will not substitute its own judgment concerning the penalty the [agency] imposes.” Kobrun v. Bd. of Registration in Med., 444 Mass. 837, 842 (2005) (citation omitted). Consequently, as a matter of law, as the party appealing MassHealth’s decision, Mrs. Daley bears the heavy burden of demonstrating the decision’s invalidity. See Ten Local Citizen Group v. New Eng. Wind, LLC, 457 Mass. 222, 228 (2010) (internal quotation and citation omitted).
This court gives substantial deference to an agency’s interpretation of those statutes with which it is charged with enforcing This is “(e]specially [ ] so when the case involves interpretation of a complex statutory and regulatory framework such as Medicaid.” Shelales Dir. of the Office of Medicaid, 75 Mass.App.Ct. 636, 640 (2009) (citation omitted). Deference is particularly appropriate when the statute in question grants broad rule-making authority to the agency, contains an ambiguity or gap, or broadly sets out a legislative policy that must be interpreted by the agency." Souza v. Registrar of Motor Vehicles, 462 Mass. 227, 229 (2012) (citations omitted).
II. Analysis
The Massachusetts Medicaid program, MassHealth, “is a joint [s]tate and [flederal program designed to pay the cost of medical care for those who are otherwise unable to afford it.” Normand v. Dir. of the Office of Medicaid, 77 Mass.App.Ct. 634, 636 (2010) (citations omitted). See also 130 Code of Massachusetts Regulations section 515.002(A).[4] “Because MassHealth is ajoint [flederal and [s]tate program, the Massachusetts statutes and regulations governing the program must be consistent with the requirements of [flederal [Medicaid] law.” Normand, 77 Mass.App.Ct. at 637 n.8. Consequently, as required by federal law, MassHealth applicants must meet certain financial eligibility requirements to qualify for benefits. Tarin v. Commissioner of Div. of Med. Assistance, 424 Mass 743, 747 (1997).
MassHealth provides nursing home benefits in the form of long-term care coverage for individuals who have $2,000 or less in “countable assets.” 130 Code of Massachusetts Regulations §§519.006(A)(2) and 520.003(A)(1).[5] “Countable assets are all assets that must be included in a determination of [Medicaid] eligibility.” 130 Code of Massachusetts Regulations §520.007. Here, it is undisputed that Mr. and Mrs. Daley are financially ineligible for MassHealth benefits if the Trust is considered a countable asset. This court is constrained to conclude that the Office of Medicaid Board of Hearings correctly determined that the Daleys’ Trust was a countable asset because (1) their condominium property remained available for their use after they deeded it to the Trust; and (2) they had the right to condominium-generated income (a situation here that was theoretical only). Both grounds are addressed below.
A. Availability of Properly
Property held in an irrevocable trust is a countable asset where it is “available according to the terms of the trust[.]” 130 Code of Massachusetts Regulations section 520.023(C)(1)(d). If a Medicaid applicant can use and occupy her home as a life tenant, then her home is “available.” See Doherty v. Dir. of the Office of Medicaid, 74 Mass.App.Ct. 439, 441 (2009) (home was available because applicant retained the right to reside there during her lifetime).
This court concludes that Mr. and Mrs. Daley’s condominium was available to them because they retained life estates under the deed, and continued to use and live in it after establishing the Trust. It is undisputed that they lived together at the condominium for about six years after they established the Trust until Mr. Daley was required to be admitted into the nursing facility. It is also undisputed that Mrs. Daley continues to live in the properly.
B. Right to Income
The plain language of 130 Code of Massachusetts Regulations section 520.023(C)(1)(a) provides that a countable asset includes:
[a]ny portion of the principal or income from the principal (such as interest) of an irrevocable trust that could be paid under any circumstances to or for the benefit of the individual!.]
*152 It does not legally matter whether the grantor or donor actually exercises his or her discretion to take income from the Trust. As the Supreme Judicial Court has noted:
[I]f there is any state of affairs, at any time during the operation of the trust, that would permit the trustee to distribute trust assets to the grantor, those assets will count in calculating the grantor’s Medicaid eligibility.
Elbow v. Commissioner of the Div. of Med. Assistance, 433 Mass. 171, 177-78 (2001) (emphasis in original). Consequently, if there is any way for the Trustees to distribute either Trust principal or income to the Daleys, then those assets are countable for purposes of determining their Medicaid eligibility. Compare Guerriero v. Commissioner of the Div. of Med. Assistance, 433 Mass. 628, 629 (2001) (applicant completely separated herself from the trust by waiving all rights to income as well as principal).[6]
Fairly construed, the Trust allows the Daleys to access both its principal and income generated from the home. Paragraph A of the First Article of the Trust, entitled “Distributions During the Donors’ Lifetime,” specifically grants to the Daleys the right to any net income generated by the Trust and requires the Trustee to provide such income. The First Article provides, in part, that “So long as either of the Donors are living, the Trustee shall pay either Donor so much of the net income of the Trust as either Donor shall request in writing delivered to the Trustee.”[7] In addition, Article Five authorizes the Trustee to “hold, retain, purchase, dispose of or otherwise deal with life insurance, annuities, endowment policies or other forms of insurance on the life of the Donors . . . and to pay the premiums and costs therefore from the principal or income of the Trust.”[8] Finally, Article Eight authorizes the Trustees to “pay such amounts of income or principal of the Trust as the Trustee deems necessary to satisfy [the Daleys’] tax obligation” for the Trust and allows the Daleys to “reacquire the principal of this Trust by substituting property of an equivalent value.”[9] In light of these provisions, the court must, by law, conclude that the Daleys had access to both the Trust principal and income generated by the Trust.
Mrs. Daley emphasizes that paragraph A of the First Article provides that: “(t]he Trustee shall have no authority or discretion to distribute principal of the Trust to or for the benefit of either Donor.” It is well-settled, however, that “this clause may not be read in isolation; rather, it must be construed and qualified in light of the trust instrument as a whole.” See Doherty, 74 Mass.App.Ct. at 441.
This case is analogous to Doherty, where the Appeals Court concluded the trust’s principal was a countable asset because the trust, despite some language restricting the grantor’s access to the principal, allowed the trustees to invade the trust’s principal and income when necessary to ensure the grantor’s “quality of life,” “comfort,” and “respond to her changing life needs.” See id. at 441-42. There, as here, the trust, as structured, would “allow[ ] the trustees a degree of discretionary authority that would, if sanctioned, permit [the grantor] to enjoy her assets, preserve those assets for her heirs, and receive public assistance, to, in effect, have [her] cake and eat it too.” See id. at 443, quotation and citation omitted.
ORDER
For these reasons, Mrs. Daley’s motion for judgment on the pleadings must be DENIED.

 MassHealth initially denied the Daleys’ application on April 7, 2014 because they failed to respond to a verification request issued on February 28, 2014. The Daleys reapplied for Medicaid benefits the next day.

 ‘The MassHealth agency is responsible for the administration and delivery of health-care services to low- and moderate-income individuals and couples.” 130 Code of Massachusetts Regulations section 515.002(A).

 State regulations require that “the total value of countable assets owned by or available to individuals applying for or receiving MassHealth [benefits] . . . may not exceed . . . $2,000.” 130 Code of Massachusetts Regulations §519.006(A)(2).

 In Guerriero, the plaintiff signed a document in which she declared that she did “irrevocably and [unequivocally] waive, renounce.and refuse to accept any and all right, title or interest which [she] may have now or in the future in the principal of’ her irrevocable trust. Guerriero, 433 Mass, at 629. The Court concluded that the document effectively transferred any interest she may have had in the trust back to the trust for the benefit of the remaining beneficiaries and the trustee was deprived of any legal discretion to pay trust principal to the plaintiff. Id. at 633.

 For example, if the condominium was rented then the Trustee would be required to give the Daleys rental income upon request. See 130 Code of Massachusetts Regulations section 520.024(A)(1) (“The assets and income held in an irrevocable trust established by the individual or spouse that the trustee is required to distribute to or for the benefit of the individual are countable”).

 Arücle Five, entitled “Trustee Powers," states in paragraph nine that the Trustee shall have the power to “hold, retain, purchase, dispose of or otherwise deal with life insurance, annuities, endowment policies or other forms of insurance on the life of the Donors, any beneficiary or any other person for the benefit of any beneficiary and to pay the premiums and costs therefore firom the principal or income of the Trust.”

 The Eighth Article of the Trust, entitled “Grantor Trust" provides that:
All income distributed, held, or accumulated by this Trust generates a tax liability for the Donors. The Trustee may, to the extent that the income of the Trust generates a tax liability for the Donors, pay such amounts of income or principal of the Trust as the Trustee deems necessary to satisfy such tax obligation. The Donors retain the right to reacquire the principal of this Trust by substituting property of an equivalent value.