The plaintiff appeals from the denial of her motion for relief from judgment pursuant to Mass.R.Civ.P. 60(b)(1), (3), 365 Mass. 828 (1974). We affirm.
Procedural history. The complaint alleges that the defendants negligently maintained a staircase on their property, causing the plaintiff to fall and suffer injuries. It was filed on April 17, 2012, three years after the alleged accident, on the day the statute of limitations would expire. In March, 2013, the defendants served plaintiff's counsel with discovery requests, and, after the plaintiff failed to respond, a motion to compel; nonetheless, discovery was not forthcoming. After the motion to compel was allowed, the plaintiff again failed to respond, and the defendants filed a motion to hold the plaintiff in contempt. Subsequently, a judge ordered that the case be dismissed for failure to prosecute and as a sanction under Mass.R.Civ.P. 37, as amended, 423 Mass. 1406 (1996), for failure to comply with the judge's discovery order. Judgment entered.
Nearly one year after discovering her case had been dismissed, the plaintiff, now acting pro se, moved for relief from the judgment. After a hearing, the motion was denied. This appeal ensued.
Discussion. A motion for relief from judgment "under rule 60(b) is directed to the sound discretion of the motion judge, and we review the judge's ruling for abuse of discretion." Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 775 (2006). Here, we discern no such abuse.
With regard to rule 60(b)(1), the motion judge properly applied the Berube [3] factors and determined that the plaintiff's motion failed to show (i) good reason for the nearly year-long delay in filing the motion, and (ii) that her claim had merit. The judge also found that the defendants had been prejudiced by the delay both in the filing of the action on the last day of the limitation period and in the filing of the motion for relief from judgment on nearly the last permissible day. With regard to rule 60(b)(3), the judge correctly ruled that the subsection did not apply because the plaintiff's arguments concerned her counsel's conduct, not that of an adverse party.[4] See Mass.R.Civ.P. 60(b)(3) ("fraud ..., misrepresentation, or other misconduct of an adverse party").
The plaintiff's remaining arguments on appeal also lack merit. Notwithstanding her contention that she did not receive notice of the hearing on her motion for relief from judgment, she appeared, did not object to going forward, and argued at the hearing. Similarly, the plaintiff's argument that the defendants are precluded (by the denial of the motion to dismiss the complaint pursuant to Mass.R.Civ.P. 12 [b], 365 Mass. 754 [1974] ) from raising arguments in response to her motion for relief from judgment lacks merit. See Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).
Order denying motion for relief from judgment affirmed.

Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979).

The plaintiff's belated allegations against defense counsel are unsupported by the record and do not rise to the level of fraud or misrepresentation.