NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-867

U.S. BANK, N.A.[1]

vs.

STEPHEN POOLE & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, U.S. Bank, N.A., as trustee (plaintiff), filed a complaint in the Housing Court against the defendants, Stephen and Cynthia Poole (collectively, defendants), seeking possession of a property in Spencer following a foreclosure sale.  Following cross motions for summary judgment, a judge of the Housing Court denied the defendants' motion, allowed the plaintiff's motion, and awarded possession to the plaintiff.  On appeal, the defendants argue that the judge should have entered

_____

[1] As trustee on behalf of the J.P. Morgan Acquisition Trust 2006-WMC2 Asset Backed Pass-Through Certificate, Series 2006-WMC2.

[2] Cynthia Poole and "all other Occupants."  None of the unidentified "occupants" participated in this appeal.

summary judgment in their favor because the mortgage's chain of title was both defective and fraudulent.  We affirm.

Background.  In January 2002, the defendants took ownership of the property, and, in February 2006, they executed a mortgage to SRI.  The mortgage was then assigned numerous times before being assigned to the plaintiff in June 2014.  Two of the assignments were lost.  To establish chain of title, on July 24, 2014, the plaintiff brought an action to record the missing assignments.  On January 7, 2015, a judge of the Superior Court entered judgment in favor of the plaintiff, ordering copies of the two missing assignments of mortgage to be recorded in lieu of the originals.[3]

In August 2017, following the defendants' default on mortgage payments, the plaintiff initiated foreclosure proceedings.  In October 2017, the defendants filed a complaint challenging the assignments of the mortgages and asking to enjoin the foreclosure.[4]  In December 2017, a judge of the Superior Court denied the defendants' request for an injunction and dismissed the case with prejudice.[5]

---

[3] See U.S. Bank Nat'l Ass'n vs. SRI, Mass. Super. Ct., No. WOCV2014-1380A (Worcester County Jan. 7, 2015).

[4] See Poole vs. U.S. Bank N.A., Mass. Super. Ct., No. 17CV1606D (Worcester County Oct. 3, 2017).

[5] In February 2018, the same judge denied the defendants' motion to reconsider.  The defendants did not appeal from the

2

Between 2019 to 2021, the defendants brought two more lawsuits challenging the plaintiff's right to foreclose.  Both suits were dismissed and those dismissals were later affirmed on appeal.[6]  On April 10, 2023, the plaintiff served the defendants with a summary process complaint seeking possession of the property.  The defendants contested the assignments of the mortgage, alleging that it was an "elaborate scheme."  In April 2024, a judge of the Housing Court granted the plaintiff's motion for summary judgment, awarding possession to the plaintiff.

Discussion.  The defendants argue that summary judgment was erroneously entered in favor of the plaintiff because the plaintiff's chain of title was, in sum, flawed due to fraudulent assignments, and therefore the plaintiff did not have the authority to foreclose on their property.  The plaintiff

---

2017 judgment; instead, they appealed only from the denial of their motion to vacate the prior 2015 judgment.  See Poole v. U.S. Bank N.A., 95 Mass. App. Ct. 1113, slip op. at 1-2 (2019). A panel of this court found the claim concerning the 2015 judgment to be moot, as it was not raised in the 2017 action, in which the defendants sought to preempt the bank's foreclosure. Id., slip op. at 3-4.

[6] The defendant's 2021 Federal action was dismissed with prejudice and the defendants were enjoined from filing additional claims or actions against the plaintiff without first obtaining leave of the court.  Poole v. U.S. Bank, U.S. Dist. Ct., No. 21-40097-TSH, slip op. at 6, 9 (D. Mass. July 13, 2022).

counters that the defendants' challenge is barred by res judicata, as the issue has been previously litigated to a final judgment.

"The doctrine of res judicata is based on '[c]onsiderations of fairness and the requirements of efficient judicial administration,' which 'dictate that an opposing party in a particular action as well as the court is entitled to be free from attempts to relitigate the same claim.'" DeGiacomo v. Quincy, 476 Mass. 38, 41 (2016), quoting Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974). Res judicata comprises both claim and issue preclusion, the latter of which applies here. See DeGiacomo, supra. Issue preclusion requires the following elements: "(1) . . . a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party . . . to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication" (quotation omitted). Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). Furthermore, "the issue decided in the prior adjudication must have been essential to the earlier judgment." Id. at 844 (quotation omitted).

Here, the 2017 Superior Court civil action described above, which was dismissed with prejudice, satisfies the elements of issue preclusion and thus bars the defendants from relitigating

4

the issue of whether the plaintiff's chain of title is valid. See Kobrin, 444 Mass. at 843-844. The issue of the plaintiff's chain of title was litigated in the 2017 Superior Court action -- an action that involved the same parties as the appeal before us -- and the issue was essential to the dismissal with prejudice. Specifically, the judge in the 2017 Superior Court civil action concluded that each assignment comported with G. L. c. 183, § 54B, and further that the record demonstrated an unbroken chain of assignments necessary to foreclose a mortgage.[7] The Superior Court's dismissal with prejudice is a final judgment on the merits for the purposes of res judicata. See Bagley v. Moxley, 407 Mass. 633, 637 (1990). Thus, the defendants' claim is precluded. See id. See also Duross v. Scudder Bay Capital, LLC, 96 Mass. App. Ct. 833, 836-837 (2020) (finding that mortgagor's claim challenging foreclosure was barred by collateral estoppel due to issue of mortgagee's

---

[7] See Memorandum of Decision and Order on the Plaintiff's Motion for a Preliminary Injunction, Poole vs. U.S. Bank N.A., Mass. Super. Ct., No. WOCV2014-1380A (Worcester County Dec. 12, 2017). As noted in the margin, see n.5, supra, the defendants did not directly appeal from the judge's adverse judgment concerning the assignments of title.

5

authority to foreclose being litigated in previous eviction action).[8]

Judgment affirmed.

Order denying motion for
    reconsideration affirmed.

By the Court (Ditkoff,
    Singh & Smyth, JJ.[9]),

*Paul Little*

Clerk

Entered:  August 20, 2025.

---

[8] To the extent we have not discussed other arguments made by the parties, they "have not been overlooked.  We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[9] The panelists are listed in order of seniority.